IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE BARNES,

           Plaintiff,

    v.

J. OLIVE,

           Defendant.

No. 2:15-cv-00520-HZ

OPINION & ORDER

Christopher Lee Barnes
11865762
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914-8335

    Plaintiff Pro Se

Vanessa A. Nordyke
OREGON DEPARTMENT OF JUSTICE
1162 Court Street N.E.
Salem, OR 97301

    Attorney for Defendant

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Christopher Lee Barnes, an inmate at the Snake River Correctional Institution, filed this civil rights action claiming violations of his constitutional rights under the Eighth and Fourteenth Amendments. Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Defendant moves to make Plaintiff's complaint more definite pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff does not respond to Defendant's motion. For the reasons that follow, the Court denies Defendant's motions.

## BACKGROUND

Plaintiff's first claim alleges:

> The Defendant, Correctional Officer J. Olive deliberately & knowingly caused physical harm to the mentally ill plaintiff who suffers from brain damage by slamming his head into a cynder [sic] block wall.

Compl. at 4, ECF 2. Plaintiff's second claim alleges:

> The Defendant, Correctional Officer J. Olive deliberately & knowingly caused physical damage to the mentally ill plaintiff's rectum by forcing his penis into the plaintiff's rectum on a daily basis for the past six months as corprol [sic] punishment for being mentally ill.

Id. at 5. Plaintiff seeks $68.5 million in relief. Id. at 6.

## STANDARDS

### I. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the

court need not accept conclusory allegations as truthful. See <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" <u>Id.</u> (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" <u>Id.</u> at 679.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations omitted).

## II. Motion for a More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Id.

A motion for a more definite statement is generally left to the district court's discretion. Sheffield v. Orius Corp., 211 F.R.D. 411, 414 (D. Or. 2002). "A Rule 12(e) motion for more definite statement is disfavored and is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." Adobe Sys. Inc. v. Software Speedy, No. C–14–2152 EMC, 2014 WL 7186682, at *5 (N.D. Cal. Dec. 16, 2014) (citation omitted).

Rule 12(e) is designed to strike at unintelligibility rather than want of detail. Maixner v. Bank of Am. Home Loans, No. CV-10-3037-CL, 2010 WL 5918860, at *3 (D. Or. Nov. 18, 2010) (citing Bautista v. L.A. Cnty., 216 F.3d 837, 843 n.1 (9th Cir. 2000)), adopted by J. Panner (D. Or. Mar. 3, 2011). "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." Holdner v. Coba, No. CV-09-979-AC, 2010 WL 678112, at *1 (D. Or. Feb. 25, 2010) (internal quotation marks omitted).

Where the detail sought is available through discovery, the motion should be denied. Feldman v. CIA, 797 F. Supp. 2d 29, 42 (D.D.C. 2011) ("Courts are reluctant to compel a more

definite statement pursuant to Rule 12(e), and to prevent Rule 12(e) from becoming a substitute for discovery, courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery") (internal quotation marks, brackets, and ellipsis omitted).

## DISCUSSION

### I.    Motion to Dismiss

Defendant argues that Plaintiff's claims fail to state the requisite level of specificity. According to Defendant, Plaintiff fails to identify "the precise constitutional violation" (although Plaintiff cites the Eighth and Fourteenth Amendments), and his claims are "at odds with the enormous sum of monetary damages requested." Def.'s Mot. 3. In addition, as to Claim 1, Plaintiff fails to provide a date for the alleged assault.

Defendant's motions fail because Plaintiff's complaint states claims under the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. Wood v. Beauclair, 692 F.3d 1041, 1045-46 (9th Cir. 2012). Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992)). In order to establish liability under the Eighth Amendment, a plaintiff must prove two distinct components: (1) that the plaintiff actually suffered an extreme deprivation or was placed at a substantial risk of suffering a significant injury; and (2) that the defendant acted with a sufficiently culpable state of mind. Barnett v. McDowall, No. 3:13-CV-00476-AA, 2013 WL 5574617, at *1 (D. Or. Oct. 7, 2013); Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

In this case, Plaintiff's first claim alleges that Defendant slammed Plaintiff's head into a cinder block wall. Plaintiff's allegations state a claim implicating the Eighth Amendment. Construing the complaint liberally, in light of Plaintiff's *pro se* status, Plaintiff's allegations suggest there was no legitimate penal purpose for Defendant's use of force and that it was intended to, and did in fact, cause him harm. In addition, Plaintiff alleges that Defendant acted "deliberately & knowingly." Assuming Plaintiff's allegation to be true, Plaintiff establishes that Defendant acted with a sufficiently culpable state of mind.

Plaintiff's second claim alleges sexual assault by Defendant. "[S]exual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply offensive to human dignity." Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000) (internal quotation omitted). Being sexually assaulted in prison is "simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer, 511 U.S. at 834.

Plaintiff's allegations of sexual assault state a claim. Plaintiff alleges that Defendant has sexually assaulted him on a daily basis "for the past six months," which is clearly harmful enough to establish a constitutional violation. In addition, Plaintiff alleges that Defendant acted "deliberately and knowingly," and that his motive was to punish Plaintiff for being mentally ill. Assuming Plaintiff's allegation to be true, Plaintiff establishes that Defendant acted with a sufficiently culpable state of mind.

Finally, Defendant offers no support for its argument that Plaintiff fails to state a claim because his allegations are at odds with the "enormous sum of monetary damages requested." Accordingly, Defendant's motions are denied.

**II.    Motion for a More Definite Statement**

Defendant requests an order under Rule 12(e) requiring Plaintiff to provide a more definite statement of his claims. However, Defendant provides no further information in support of his request beyond the conclusory statement that Plaintiff's claims are "vague as well as ambiguous." Def.'s Mot. 4.

A motion for a more definite statement of a pleading under Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e); see also Bautista v. L.A. Cnty., 216 F.3d 837, 843 n. 1 (9th Cir.2000) (stating that a party may seek a more definite statement by "pointing out" this information). A Rule 12(e) motion that does not identify the details desired from the more definite statement is neither "effective" nor "in compliance with Rule 12(e)." Gillibeau v. City of Richmond, 417 F.2d 426, 431 & n. 5 (9th Cir. 1969).

Here, since Defendant fails to point out defects in Plaintiffs' complaint or the details desired from the amendment, Defendant's Rule 12(e) motion is denied. Furthermore, Defendant's arguments are unavailing because, in both claims, Plaintiff names the alleged perpetrator and the alleged acts. In addition, in Claim 2, Plaintiff provides the time frame in which the alleged acts occurred. Such information is sufficient for Defendant to understand the claims being brought against him and to formulate a response. Accordingly, the Court denies Defendant's motion for a more definite statement.

///

///

## CONCLUSION

The Court denies Defendant's motion to dismiss or, alternatively, to make Plaintiff's complaint more definite [11].

IT IS SO ORDERED.

Dated this \_\_\_30\_\_\_ day of \_\_September\_\_, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge