IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE BARNES,

               Plaintiff,

     v.

J. OLIVE,

              Defendant.

No. 2:15-cv-00520-HZ

OPINION & ORDER

Christopher Lee Barnes
11865762
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914-8335

     Plaintiff Pro Se

Vanessa A. Nordyke
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301

     Attorney for Defendant

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff, Christopher Lee Barnes, an inmate at the Snake River Correctional Institution, filed this civil rights action claiming violations of his constitutional rights under the Eighth and Fourteenth Amendments. Defendant, Correctional Officer J. Olive, moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Plaintiff has failed to exhaust his administrative remedies. Plaintiff did not respond to Defendant's motion. The Court grants Defendant's motion.

## BACKGROUND

Plaintiff brings two claims against Defendant. First, Plaintiff alleges that Defendant slammed Plaintiff's head into a cinder block wall. Compl. at 4, ECF 2. Second, Plaintiff alleges that Defendant sexually assaulted Plaintiff "for the past six months." Id. at 5. Plaintiff filed his complaint on March 30, 2015. Id. at 1.

## STANDARD

The Prison Litigation Reform Act ("PLRA") states: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The PLRA exhaustion requirement demands "proper exhaustion," which means compliance with all deadlines and "other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006).

It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014). The burden of production then shifts to the prisoner to "come forward with

evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the "ultimate burden of proof remains with the defendant." Id. The court must view all material facts in the light most favorable to the non-moving party. Id. at 1173. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.

## DISCUSSION

Under the PLRA, Plaintiff must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Woodford, 548 U.S. at 88). To prove a prisoner failed to exhaust his administrative remedies under the PLRA, a defendant must first prove there was an available administrative remedy, which the prisoner did not exhaust. Albino 747 F.3d at 1172.

Defendant satisfies his burden through the declaration of James A. Taylor, Grievance Coordinator at Snake River Correctional Institution (SRCI). Taylor Decl., ECF 18. Mr. Taylor's declaration describes the Oregon Department of Corrections (ODOC) grievance process. Id. at ¶¶ 6-10. Mr. Taylor explains that an inmate may grieve, among other things, "any unprofessional behavior or action which may be directed toward an inmate by an employee [of ODOC]" or "sexual contact . . . between an employee or contractor and an inmate." Id. at ¶ 8 (citing OAR 291-109-0140(2)(a)-(g)). Mr. Taylor declares that he made "a thorough search" and review of records and determined that, while Plaintiff has filed thirteen grievances at SRCI since his arrival in November of 2012, none of the grievances were related to a physical or sexual assault. Id. at ¶

11. Furthermore, Mr. Taylor found no records indicating that any of the 13 grievances were directed at Defendant. Id. Consequently, Defendant has met his burden for demonstrating that Plaintiff did not exhaust his available administrative remedies. See Williams, 775 F.3d at 1192 (explaining that the demonstration of a system of available administrative remedies satisfies the initial step of the Albino burden-shifting inquiry).

Once Defendant demonstrates the existence of an unexhausted, available administrative remedy, the burden shifts to Plaintiff to show that the relevant remedy was "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." See id. at 1191 (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir.1996)). On Plaintiff's complaint form, in the space provided for an explanation regarding his failure to file a grievance, Plaintiff writes: "No timely rem[e]dy avail[a]ble." Plaintiff does not provide any explanation for what he means by this statement, nor did he respond to Defendant's motion for summary judgment. In the absence of any further information or justification for not filing a grievance concerning his claims, Plaintiff has not met his burden for demonstrating the available administrative remedies were "effectively unavailable to him." See Albino, 747 F.3d at 1172.

///

///

///

4 - OPINION & ORDER

## CONCLUSION

The Court grants Defendant's motion for summary judgment [17] because Plaintiff failed to exhaust his administrative remedies prior to filing this action. Accordingly, this case is DISMISSED. Pending motions, if any, are dismissed as moot.

IT IS SO ORDERED.

Dated this \_\_\_25\_\_\_ day of \_\_\_November\_\_\_, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge